TOM LOFTUS, Chairperson, Committee on Assembly Organization
You have requested my opinion regarding the legal status of video poker machines in Wisconsin. Specifically, you ask, "[I]f authorized by appropriate legislation, would the operation of a video poker game involving consideration, prize and chance constitute a prohibited lottery under Wis. Const. art. IV, s. 24?"
It is my opinion that video poker machines involving prize (something of value), chance and consideration are illegal gambling machines, not illegal lotteries. The operation of such games or machines may violate several provisions of chapter 945, Stats., but does not constitute the conduct of or participation in an illegal lottery. Therefore, should the Legislature choose to legalize such devices and activities, presently prohibited by the criminal code of this state, it may do so by enacting legislation which repeals or modifies the appropriate provisions of chapter 945, since the constitutional prohibition concerning lotteries does not apply to this form of gambling.
The constitutional provision about which you inquire, article IV, section 24 (1) of the Wisconsin Constitution, provides, in pertinent part, that "[e]xcept as provided in this section, the legislature shall never authorize any lottery. . . ." Neither this constitutional provision nor any laws in effect at the time of the inception of the constitution defined the term lottery.
This constitutional provision remained unchanged from the time of its inception in 1849 until 1965, when the constitution *Page 34 
was amended to create subsection (2), which provided that certain activities would not constitute consideration as an element of a lottery except as otherwise provided by law. Again, no effort was made by the framers of the referendum question and amendment language to define the term lottery as therein used.
This provision was again amended, once in 1973 to legalize and authorize bingo by the creation of subsection (3), and again in 1977 to legalize and authorize raffle games, subsection (4), all of which activities had to be licensed by the state and to be operated only by religious, charitable, service, fraternal or veterans organizations or those to which contributions are deductible for federal or state income tax purposes. As before, the term lottery was not defined within the constitution.
Finally, the constitution was once again amended in 1987, by virtue of the creation of subsections (5) and (6) to except certain on-track pari-mutuel betting from the definition of lottery and to authorize a state operated lottery. While this constitutional amendment specifically utilized the term "lottery," the framers of the amendment made no attempt to define the term lottery itself.
All forms of gambling contain similar elements. They all contain the element of prize or something of value in that something must be wagered, paid, won or lost as part of the activity; they all involve the element of chance functioning as a determinant in whether the person participating in the activity wins or loses; and they all generally involve the concept of consideration whether it take the form of putting up something to wager or bet, payment as means of entry into a gambling activity or some other form of nonmonetary consideration. Therefore, the answer to your question does not lie in determining whether or not the activity about which you inquire involves prize, chance and consideration, which your question presents as a given set of elements, but rather lies in determining whether this type of gambling, operating a video poker machine, is different from, and therefore does not constitute, a lottery. *Page 35 
Prior to the revision of the criminal code in 1953-1955, the Wisconsin statutes did not attempt to define the various forms of gambling. However, they did indeed treat those forms separately, as is discussed in more detail in 79 Op. Att'y Gen. 14, issued today, by treating those forms in separate sections and punishing them criminally in separate sections. See, for example, section348.01, Stats. (1953), prohibiting and criminally punishing the setting up or promoting of a lottery; section 348.07, Stats. (1953), prohibiting and criminally punishing keeping or using gaming devices; and section 348.08, Stats. (1953), prohibiting and criminally punishing betting.
In the 1953-1955 revision of the criminal code, which created chapter 345 which was then renumbered to chapter 945, the Legislature specifically defined, inter alia, gambling machines and lotteries.
Section 945.01 (3)(a) defines a gambling machine as "a contrivance which for a consideration affords the player an opportunity to obtain something of value, the award of which is determined by chance, even though accompanied by some skill and whether or not the prize is automatically paid by the machine." Section 945.01 (3), Stats. (1955), defined gambling machine with the identical language. The original proposal, section 345.01 (3), proposed in chapter 623, Laws of 1953, used language which was virtually the same as the present day statute and the 1955 version, except it did not have the language concerning skill and the discussion of whether the prize was automatically paid by the machine was contained in a separate sentence in that subsection.
It was recognized in the creation of the criminal code in 1953-1955 that the various forms of gambling, even though they contain similar elements and may resemble each other, are indeed separate and distinct and ought to therefore be treated as separate forms of gambling. It was specifically recognized that gambling machines are particular devices used in gambling, and while the activity or conduct in the playing of gambling machines may *Page 36 
certainly resemble in some aspects the placing of a bet or the conduct of a lottery, they are not thought of as lotteries and will therefore be treated separately and distinctly. See Judiciary Committee Report on the Criminal Code, Wisconsin Legislative Council, Volume V, Bill No. 100, A. at 152-53 (1953).
Therefore, I conclude that although the operation of video poker games and the conduct of lotteries have similar characteristics, they are indeed to be treated differently within the constitution and statutes of this state. Therefore, the operation of a video poker game constitutes the playing or operation of a gambling machine and not the conduct of an illegal lottery.
DJH:JCM *Page 37